UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EMMANNUEL QUENTIN WYLIE,

        Plaintiff

v.

FANNIE MAE,

        Defendant.

_____/

Civil Action No.: 19-12089
Honorable David M. Lawson
Magistrate Judge Elizabeth A. Stafford

## **REPORT AND RECOMMENDATION TO DISMISS COMPLAINT**

In July 2019, Plaintiff Emmannuel Quentin Wylie's complaint against defendant Fannie Mae was transferred to this district.[1] [ECF No. 1]. In conjunction with the order granting Wylie's application to proceed without prepaying fees or costs, the Honorable David M. Lawson ordered Wylie to complete summons forms for defendant so that the clerk could issue the summons. [ECF No. 6]. Judge Lawson also referred this matter to the undersigned for all pre-trial matters under 28 U.S.C. § 636(b). [ECF No. 7]. The Court was unable to serve copies of these orders on Wylie by mail

---

[1] Wylie filed his complaint in the District Court for the District of Columbia, but that court transferred the matter because venue was improper. [ECF No. 3].

because they were returned as undeliverable with an indication that the address was associated with a vacant residence. [ECF No. 8].

Parties who are not represented are required to keep the Court apprised of their contact information.

> Every attorney and every party not represented by an attorney must include his or her contact information consisting of his or her address, e-mail address, and telephone number on the first paper that person files in a case. If there is a change in the contact information, that person promptly must file and serve a notice with the new contact information. The failure to file promptly current contact information may subject that person or party to appropriate sanctions, which may include dismissal, default judgment, and costs.

E.D. Mich. LR 11.2. In addition, the record does not show that Wylie ever submitted completed summons forms nor proof of timely serving Fannie Mae. Wylie was required to serve the complaint within 90 days or the Court either "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Wylie could have sought an extension to serve Fannie Mae. "[I]f the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*

On June 15, 2020, the Court ordered Wyle to show cause in writing by June 30, 2020 why his complaint should not be dismissed for his violation of Local Rule 11.2, failure to timely serve under Rule 4(m) and

2

failure to otherwise prosecute this case under Federal Rule of Civil Procedure 41(b). [ECF No. 9]. The Court warned that failure to timely respond may result in the dismissal of this case. [*Id.*]. The mailing serving the order on Wylie was returned as undeliverable, [ECF No. 10], and Wylie "has effectively abandoned the case." *Morley v. Comm'r of Soc. Sec.*, No. 12-14653, 2013 WL 2051326, *1 (E.D. Mich. May 14, 2013).

The Court therefore recommends that Wylie's complaint be dismissed under Rule 11.2, Rule 4(m) and Rule 41(b).

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: September 3, 2020

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 3, 2020.

                                                s/Marlena Williams
                                                MARLENA WILLIAMS
                                                Case Manager